UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK GREGORY VASALLO, SR., | No. C 05-5190 PJH (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| MENDOZA-POWERS, Warden, | |
| Respondent. | |

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted based on petitioner's three cognizable claims for relief. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Although granted an opportunity to do so, petitioner has not filed a traverse. For the reasons set out below, the petition is denied.

**BACKGROUND**

Following a preliminary hearing in Alameda County Superior Court on December 10, 2002, petitioner was charged with 61 counts of sexual abuse of a child. A jury trial ended in a mistrial, and the charges were amended to six counts of sexual abuse of a child. The jury convicted petitioner on all counts, and the trial court sentenced petitioner to a total term of fourteen years and eight months in state prison. This sentence consisted of the midterm of twelve years on Count 1 (continuous sexual abuse of a minor under Cal. Pen. Code § 288.5(a)), consecutive terms of eight months each on Counts 3 (sodomy of a minor under

Cal. Pen. Code § 286(b)(2)), 4 (lewd act on a minor under Cal. Pen. Code § 288(c)(1)), 5 (oral copulation with a minor under Cal. Pen. Code § 288a(b)(2)) and 6 (sodomy on a minor under Cal. Pen. Code § 286(b)(2)), and a stayed sentence on Count 2 (lewd act on a minor under Cal. Pen. Code § 288(c)(1)).  The California Court of Appeal affirmed the judgment, and the petition for review to the California Supreme Court was denied.

      Petitioner's son Frankie testified at trial that petitioner molested him over the course of approximately six years, between 1996 and 2002, starting when Frankie was nine years old.[1]  Between 1996 and 1998, when his parents were separated, petitioner had sexual contact with Frankie during all of his overnight visitations with petitioner.  Such contact included petitioner orally copulating him, and, at petitioner's direction, Frankie orally copulating and sodomizing petitioner.  Frankie further testified that between 1999 and 2002, after his parents reconciled and they were living together, petitioner engaged in sexual activity with him from two to five times per week.  This contact involved Frankie orally copulating and sodomizing petitioner, and on one occasion, petitioner sodomized Frankie.  Petitioner's stepson, Joey, also testified that petitioner had previously orally copulated him when he was 13, and had directed Joey to orally copulate and sodomize him.  This activity continued until Joey moved out at age 17.  Petitioner denied ever molesting Frankie or Joey.

**STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[1] This factual summary is from the background provided by the California Court of Appeal, which is not disputed by the parties.  (Resp. Ex. 6 at 1-3.)  A more detailed factual account is not necessary to resolve the claims raised in this petition.

proceeding." 28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ.  *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

## DISCUSSION

As grounds for habeas relief petitioner asserts that: (1) there was insufficient evidence to support his conviction on Count 2; (2) his due process rights were violated

when the trial court instructed the jury with CALJIC 2.50.2 and 2.50.01, regarding use of prior uncharged sexual offenses to establish guilt; and (3) his sentence was based on factors that were not decided by the jury.

**I.      Count Two**

Petitioner claims that there was insufficient evidence to support his conviction on Count 2. In Count 2, petitioner was charged with committing a "lewd act upon a child" in violation of California Penal Code § 288(c)(1) between January 1, 2002 and June 30, 2002. The parties agree that only one such act was proved during that period of time, specifically sodomy. Petitioner argues that such an act cannot be the basis of his conviction on Count 2 because it was the basis of his conviction on Count 3, which charged petitioner with committing sodomy upon a child, in violation of California Penal Code § 286(b)(2), during the same period, between January 1, 2002 and June 30, 2002.

Due process requires that there be sufficient evidence to have led a rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 321, 324 (1979). The California Court of Appeal rejected petitioner's claim because California law permits multiple convictions based on the same act, as long as there is not multiple punishment. (Resp. Ex. 6 at 3-5 (citing Cal. Pen. Code § 954, *People v. Pearson*, 42 Cal. 3d 351, 354 (1986)).) Here, petitioner was convicted of both sodomy (Count 3) and commission of a lewd act on a minor (Count 2) based on the evidence of a single act of sodomy between January 1, 2002, and June 30, 2002. However, petitioner was only punished for Count 3, as his sentence on Count 2 was stayed pursuant to California Penal Code § 654. As petitioner did not receive multiple punishments, his convictions on both Counts 2 and 3 based on the single act of sodomy were authorized by California Penal Code § 954. (Resp. Ex. 6 at 5.)

Petitioner's insufficiency of evidence claim is premised on his interpretation of state law, which interpretation the state courts rejected. Specifically, petitioner argues that there was insufficient evidence to support his conviction on Count 2 because, contrary to the

1   interpretation of California law by the California Court of Appeal, California law does not
2   authorize his conviction on Count 2 based on the same act of sodomy that was the basis
3   for his conviction on Count 3.  (Brief attached to Petition at 17-18.)  However, a state
4   court's interpretation of state law, including one announced on direct appeal of the
5   challenged conviction, binds a federal court sitting in habeas corpus.  *Bradshaw v. Richey*,
6   546 U.S. 74, 76 (2005); *Hicks v. Feiock*, 485 U.S. 624, 629 (1988).  Even a determination
7   of state law made by an intermediate appellate court must be followed by a federal court on
8   habeas review.  *Id.* at 630 n.3.  This court is bound by the interpretation of state law by the
9   California Court of Appeal that petitioner could be convicted of both Counts 2 and 3 based
10  on a single act of sodomy.  Consequently, petitioner's claim that there was insufficient
11  evidence of Count 2, premised on his contrary interpretation of California law , must be
12  denied.
13         Accordingly, petitioner is not entitled to habeas relief on this claim.

**II.    CALJIC Nos. 2.50.01 and 2.50.2**

15         Petitioner claims that the jury instructions on uncharged prior offenses, pursuant to
16  the 2001 version of CALJIC Nos. 2.50.01 and 2.50.2, violated his right to due process.
17  Petitioner argues that these instructions relieved the prosecution of its burden of proof
18  beyond a reasonable doubt by allowing the jury to find facts regarding the prior offenses
19  only by a preponderance of the evidence.  The instructions given pursuant to CALJIC No.
20  2.50.01, read as follows:

> Evidence has been introduced for the purpose of showing that the defendant engaged in a sexual offense on one or more occasions other than that charged in the case.
> If you find that the defendant committed a prior sexual offense, you may, but are not required to, infer that the defendant had a disposition to commit sexual offenses.  If you find that the defendant had this disposition, you may, but are not required to, infer that he was likely to commit and did commit the crime or crimes of which he is accused.
> However, if you find by a preponderance of the evidence that the defendant committed prior sexual offenses, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes.  The weight and significance of the evidence, if any, are for you to decide.
> Unless you are otherwise instructed, you must not consider this evidence for any other purpose.

5

1  (Resp. Ex. 1, Clerk's Transcript ("CT") at 405 (quoting CalJIC No. 2.50.01 (2001 Rev.)).)

2  CALJIC No. 2.50.2 defined the term "preponderance of the evidence." (CT at 406.)

3        The Due Process Clause of the Fourteenth Amendment protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he or she is charged. *In re Winship*, 397 U.S. 358, 364 (1970). This constitutional principle prohibits jury instructions that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime. *Yates v. Evatt*, 500 U.S. 391, 400-03 (1991)

      The Ninth Circuit has held that instructing the jury with the 1996 version of CALJIC Nos. 2.50.01 and 2.50.1 violates a defendant's right not to be found guilty except upon proof beyond a reasonable doubt. *Gibson v. Ortiz*, 387 F.3d 812, 822 (2004). This is because that version of 2.50.01 says that the jury may, but is not required to, infer from evidence of previous offenses that the defendant committed the crime with which he is charged, and 2.50.1 says that such previous offenses need be proved only by a preponderance of the evidence, not beyond a reasonable doubt. *Id.* at 821-22. Together, the instructions allow conviction by a preponderance, rather than requiring proof beyond a reasonable doubt. *Id.*

      However, in this case petitioner was instructed with the 2001 revision of 2.50.01, which added the penultimate paragraph quoted above. The heart of the *Gibson* decision is the court's conclusion that the pre-revision instructions given in that case provided "two routes of conviction, one by a constitutionally sufficient standard and one by a constitutionally deficient one." 387 F.3d at 823. When it is impossible to know whether a jury used the impermissible legal theory or the one which meets constitutional requirements, the unconstitutionality of one of the routes requires that the conviction be set aside. *Id.* at 825. In this case, however, the constitutionally-deficient route was blocked off: The court instructed the jury in unequivocal words that it could *not* find petitioner guilty beyond a reasonable doubt just because it had found by a preponderance of the evidence

6

that he committed prior bad acts. The jury is presumed to have followed the instructions, *Weeks v. Angelone*, 528 U.S. 225, 234 (2000), and following the instructions it could not have taken the constitutionally-impermissible route to a guilty verdict. The *Gibson* court in fact took note of this revision of the instruction with approval. *See Gibson*, 387 F3d at 818.

Petitioner's due process rights were not violated. Because his rights were not violated, the state appellate courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established United States Supreme Court authority. Accordingly, petitioner is not entitled to habeas relief on this claim.

**III.   Sentence**

Petitioner claims that the trial court violated his Sixth Amendment right to a jury by ordering sentences on Counts 3 to 6 to run consecutively based on factors not decided by a jury. The trial court based its decision to run the sentences consecutively on six factors: (1) the crimes and objectives were independent of each other; (2) the crimes involved separate acts exceeding a period of six years; (3) the crimes occurred at various times and locations; (4) there was a high degree of callousness; (5) the victim was vulnerable; and (6) the defendant took advantage of a position of trust. (RT, Aug. 18, 2003, at 5-6.) Petitioner claims that under *Blakely v. Washington*, 542 U.S. 296 (2004), the trial court was not authorized to impose consecutive terms based on factors that were not found by a jury.

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 488-90 (2000). The "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; that is, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather is the maximum he or she could impose without any additional findings. *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004). However, the Constitution does not require a jury to determine facts that do not extend the sentence

7

beyond the statutory maximum, even if these facts may have a substantial impact on the sentence. *Harris v. United States*, 536 U.S. 545, 554-68 (2002).

*Apprendi* and *Blakely* involved the enhancement of a sentence on a single count, and did not involve the decision challenged here, namely to impose consecutive sentences on multiple counts. In *United States v. Fifield*, 432 F.3d 1056 (9th Cir. 2005), the Ninth Circuit held that a federal sentencing court's decision to run sentences consecutively under 18 U.S.C. § 3854 without consulting a jury does not violate the Sixth Amendment. *Id.* at 1067. The court explained that the *Apprendi-Blakely* line of cases does not prohibit the trial court from making any factual findings: "Judicial factfinding does not, on its own, violate the Sixth Amendment, even when that factfinding is the basis for enhancing a defendant's sentence." *Id.* at 1066. The court reasoned that "[b]ecause, under § 3584, a district court need not find any particular fact to impose consecutive sentences, the imposition of consecutive sentences does not violate the Sixth Amendment." *Id.* at 1067. Other circuits have also held that the Sixth Amendment does not prohibit the trial court from deciding to impose consecutive sentences on multiple counts based on facts not found by a jury. *See United States v. Hicks*, 389 F.3d 514 532 (5th Cir. 2004); *United States v. Lafayette*, 337 F.3d 1043, 1049-50 (D.C. Cir. 2003).

Under California law, as under federal law, the trial judge has discretion to run sentences on multiple counts concurrently or consecutively, and the trial court "may" consider a number of criteria "affecting" its decision. Cal. R. Ct. 4.425 (listing criteria to be considered by trial court); *see also* Cal. Pen. Code § 669. Like the federal sentencing provision at issue in *Fifield* (18 U.S.C. § 3584), California "instructs courts to consider the factors spelled out [] in deciding whether to impose concurrent or consecutive sentences," but does not "require that a court find any particular facts before imposing consecutive sentences." *Fifield*, 432 F.3d at 1067; *see* Cal. R. Ct. 4.425. Because a California court need not find any particular facts in deciding to run a sentence consecutively, the imposition of consecutive sentences in this case does not run afoul of the Sixth

Amendment. *Accord id.* As there was no constitutional violation, the state courts' rejection of this claim was neither contrary to nor an unreasonable violation of federal law. Accordingly, petitioner is not entitled to habeas relief on this claim.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: 2/2/09

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.05\VASALLO190.RUL.wpd